WOODS v. PROGRESSIVE MUTUAL INSURANCE COMPANY

1. Insurance—Uninsured Motor Vehicle Coverage—Definition—
Policy Definition.

   A bulldozer which is a self-propelled device in, upon, or by
   which any person or property is or may be transported or
   drawn upon a highway is a motor vehicle for the purpose of
   uninsured motor vehicle coverage required by statute, and a
   provision in a policy affording such coverage purporting to
   exclude bulldozers as land motor vehicles operated on rails or
   crawler treads is in violation of the statutory definition and
   is unenforceable, even though such provision was filed with
   the department of insurance and was not disapproved (MCLA,
   §§ 50.3010, 500.100 *et seq.;* 257.501 *et seq.*, 257.1101 *et seq.*).

2. Same — Uninsured Motor Vehicle Coverage — Definition —
Power of Commissioner of Insurance.

   The commissioner of insurance has no power to change the stat-
   utory definition of "uninsured motor vehicle".

Appeal from Oakland, Beer (William John), J.
Submitted Division 2 December 7, 1967, at Lansing.
(Docket No. 2,805.)   Decided December 31, 1968.
Leave to appeal denied May 21, 1969.   See 381 Mich
754.

Complaint by Ernest J. Woods, administrator of
of the estate of Joanne Woods, deceased, against
Progressive Mutual Insurance Company, a foreign
corporation, for a declaratory judgment as to the
rights of the parties under a policy of insurance.
Judgment for defendant.   Reversed and remanded.

---

Reference for Points in Headnotes
[1, 2]  7 Am Jur 2d, Automobile Insurance § 136.

*Bell & Hertler,* for plaintiff.

*Patterson and Patterson, Barrett, Whitfield, Manikoff & White* (*Robert G. Waddell,* of counsel), for defendant.

PER CURIAM. Plaintiff's decedent, his daughter, died as a result of injuries suffered in a highway collision between the vehicle in which she was a passenger and a Case 310 bulldozer propelled and operated on crawler treads. The owner and operator of the bulldozer was uninsured for liability.

Plaintiff brought this action to obtain recovery under an automobile "family protection policy" issued by the defendant insurance company to Ernest J. Woods. The policy insured against liability for personal injury and provided "uninsured automobile" protection but in defining that term excluded

"a land motor vehicle or trailer if operated on rails or crawler treads."

The insurance code requires that any automobile policy covering the insured's liability for personal injury also protect the insured from loss caused by "uninsured motor vehicles."[1] If a policy is issued

---

[1] "No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto in limits for bodily injury or death set forth in section 504 of Act No 300 of the Public Acts of 1949, as amended, being section 257.504 of the Compiled Laws of 1948, under provisions approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles, including owners or operators insured by an insolvent insurer, because of bodily injury, sickness or disease, including death, resulting therefrom, unless the named insured rejects such coverage in writing as provided herein. All such policies shall contain a notice, displayed prominently on the front page of the policy, in

without such coverage, the statutorily required protection is read into the policy.[2]

The trial judge held that a bulldozer is not a motor vehicle and that the policy issued to Mr. Woods, despite the exclusion for crawler tread vehicles, complied with the statutory requirement. We disagree.

The insurance code provision previously mentioned (added by PA 1965, No 388, see footnote 1) does not define the term "uninsured motor vehicle." The parties are, however, in agreement that PA 1965, No 388 is *in pari materia* with another law enacted in 1965, namely, the motor vehicle accident claims act,[3] which provides:

" 'Uninsured motor vehicle' means a motor vehicle as to which there is not in force a liability policy meeting the requirements of the motor vehicle responsibility law of this state, established pursuant to the provisions of chapter 5 of Act No 300 of the Public Acts of 1949, as amended, being sections 257.501 to 257.532 of the Compiled Laws of 1948, and which is not owned by a holder of self-insurance under said law." MCLA, § 257.1102(d)(Stat Ann 1968 Cum Supp § 9.2802(d).

---

at least 8-point type that such protection coverage was explained to him and that he can reject such coverage by notice in writing. Unless the named insured requests such coverage in writing, it need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage in connection with a policy previously issued to him by the same insurer." CLS 1961, § 500.3010 as amended by PA 1965, No 388 (Stat Ann 1968 Cum Supp § 24-.13010).

[2] CLS 1961, § 500.3012 (Stat Ann 1957 Rev § 24.13012).

[3] PA 1965, No 198, as amended by PA 1965, No 389 (MCLA, § 257-.1101, *et seq.* [Stat Ann 1968 Cum Supp § 9.2801, *et seq.*])

Act 198, the first of the 3 acts to be approved, was approved July 16, 1965, with immediate effect and by its terms became effective November 1, 1965. Act 388 (adding section 3010 to the insurance code) was approved October 25, 1965, with immediate effect and by its terms became effective January 1, 1966. Also on October 25, 1965, Act 389, amending Act 198, was approved with immediate effect.

We are satisfied that the just-quoted definition of "uninsured motor vehicle" governs as well the definition of that term as used in the insurance code.

Since the motor vehicle accident claims act refers to the motor vehicle responsibility law[4] in its definition of the term "uninsured motor vehicle" it is also necessary to consider the motor vehicle responsibility law. That law is part of the Michigan vehicle code (PA 1949, No 300) which defines a "motor vehicle" as

"every vehicle which is self-propelled and every vehicle which is propelled by electric power obtained from over-head trolley wires, but not operated upon rails." MCLA, § 257.33 (Stat Ann 1960 Rev § 9.1833).

The motor vehicle code also defines the term "vehicle." A vehicle is

"every device in, upon or by which any person or property is or may be transported or drawn upon a highway, excepting devices moved by human power or used exclusively upon stationary rails or tracks." MCLA, § 257.79 (Stat Ann 1960 Rev § 9.1879).

Thus, for our purposes, a motor vehicle is every self-propelled device in, upon or by which any person or property is or may be transported or drawn upon a highway.

Since a bulldozer is a self-propelled device in, upon or by which any person or property is or may be transported or drawn upon a highway, we conclude that a bulldozer is a motor vehicle for the purposes of the motor vehicle responsibility law and, thus, is also a motor vehicle for the purposes of the motor vehicle accident claims act. And since this is true, a bulldozer is a motor vehicle also for the

---

[4] MCLA, § 257.511, *et seq.* (Stat Ann 1968 Cum Supp § 9.2211, *et seq.*)

purposes of the insurance code which, again, is *in pari materia* with the motor vehicle accident claims act.[5]

On this appeal the defendant argued that the foregoing analysis is not tenable for various reasons, which we have considered but cannot accept.

The operative effect of the various provisions of the motor vehicle responsibility law is not dependent upon whether a motor vehicle involved in an accident is registered,[6] a license is required for its operation[7] or the use for which it was designed.

If the legislature desires to exempt from the motor vehicle financial responsibility law or the motor vehicle accident claims act or compulsory uninsured motor vehicle coverage under the insurance code those motor vehicles not designed primarily for use

---

[5] PA 1915, No 302, § 1, excepted from the definition of "motor vehicles," "traction engines, road rollers * * * and such vehicles as run only upon rails or tracks." That act was amended by PA 1941, No 162, to except also "vehicles not designed for or employed in general highway transportation of persons or property and occasionally operated or moved over the public highway, including road construction or maintenance machinery, well-boring apparatus, ditch-digging apparatus and implements of husbandry." The 1915 act as so amended was repealed by PA 1949, No 300, which enacted the present motor vehicle code containing the definitions of "motor vehicle" and "vehicle" previously quoted in this opinion.

In *Haveman v. Kent County Road Commissioners* (1959), 356 Mich 11, 24, the Michigan Supreme Court considered these definitions and declared that a road maintenance machine was not a motor vehicle under the 1915 act, as amended, but was a motor vehicle under the 1949 act.

In OAG 1933–1934 Attorney General Voorhies ruled that a tractor road grader was a motor vehicle after considering the definition in PA 1915, No 302 and the definitions of "vehicle" and "motor vehicle" in CL 1929, § 4693, and in PA 1931, No 91, which latter definitions are in all relevant respects the verbatim antecedents of the definitions in presently governing PA 1949, No 300.

See, also, *Behling v. County of Los Angeles* (1956), 139 Cal App 684 (294 P2d 534); *Lambert v. Southern Counties Gas Company of California* (1959), 52 Cal 2d 347 (340 P2d 608); *Zuber v. Clarkson Const. Co.* (Mo, 1958), 315 SW2d 727; *Peterson v. King County* (1939), 199 Wash 106 (90 P2d 729).

[6] See MCLA, §§ 257.62, 257.216 (Stat Ann 1960 Rev §§ 9.1862, 9.1916).

[7] See MCLA, § 257.302 (Stat Ann 1960 Rev § 9.2002).

on the highway, not registered or requiring a license for their operation it may, of course, do so. We do not think we should tamper with this carefully drawn legislation.

We are mindful of the fact that the commissioner of insurance on November 19, 1965, called the attention of insurance companies to the passage of PA 1965, No 388 and stated in his directive:

"For purposes of this act a motor vehicle shall be interpreted to mean any self-propelled vehicle for use on public roads."

We have also considered the representation of counsel for the defendant that a copy of the insurance policy containing the crawler tread exclusion was filed with the department of insurance on January 1, 1966, and no objection was made by the department of insurance, as to which the defendant invokes MCLA, § 500.2236 (Stat Ann 1968 Cum Supp § 24.12236) providing that "failure of the commissioner to act within 30 days after submission shall constitute approval." And we have also considered the fact that section 3010 itself provides that the policy to be issued thereunder shall be issued "under provisions approved by the commissioner of insurance" (see footnote 1).

We do not think any of the foregoing changes the statutory definition of "uninsured motor vehicle." The commissioner of insurance may not do so.[8] Particularly in a case such as this where the insurance code provision complements provisions in the motor vehicle accident claims act and the motor vehicle responsibility law and is part of an overall statutory plan, it would be most inappropriate to allow the commissioner of insurance by action or inaction to change the responsibility of insurance carriers.

---

[8] Cf. King v. Concordia Fire-Insurance Co. (1905), 140 Mich 258.

Reversed and remanded for further proceedings not inconsistent with this opinion. Costs to appellant.

QUINN, P. J., and T. G. KAVANAGH and LEVIN, JJ., concurred.