DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE v
SPAFFORD

1. Arbitration and Award—Powers of Arbitrator—Award Out-
   side Scope of Power—Court Rules.

   An arbitrator has only that power conferred by the contract
   providing for arbitration, which is to resolve disputes arising
   under the contract in accordance with the provisions of the
   contract, and where the arbitrator acts arbitrarily or makes a
   clear error of law, the award is outside the scope of his power
   and the courts may grant relief and vacate the award (GCR
   1963, 769.9[1][c]).

2. Automobiles—Insurance—Uninsured Motorists—Exclusions—
   Crawler-Tread Vehicles—Off-The-Road Vehicles—Stat-
   utes.

   A clause in an automobile insurance policy which precludes
   recovery under the uninsured motorist provision where an
   injury is caused by operation of a crawler-tread vehicle de-
   signed for use principally off the road is a valid exclusion when
   the vehicle is actually being operated off the road (MCLA
   500.3010; MSA 24.13010).

3. Automobiles—Insurance—Snowmobiles—Uninsured Motorists
   —Exclusions—Arbitration and Award—Court Rules.

   A snowmobile being operated on a frozen lake qualifies for
   exclusion from coverage as a crawler-tread vehicle designed for
   use principally off the road within the language of an unin-
   sured motorist provision of an automobile insurance policy;
   therefore, an arbitration award of damages to an insured who
   was injured in a snowmobile collision on a lake was invalid and
   should be vacated (GCR 1963, 769.9[1][c]).

Appeal from Saginaw, Eugene Snow Huff, J.
Submitted May 3, 1977, at Lansing. (Docket No.
26903.) Decided June 6, 1977. Leave to appeal
applied for.

Reference for Points in Headnotes
[1–3] 7 Am Jur 2d, Automobile Insurance § 138.

Application in circuit court by Detroit Automobile Inter-Insurance Exchange to vacate an arbitrator's award of damages to Joan Spafford for injuries received in a snowmobile collision. Award affirmed. DAIIE appeals. Reversed.

*Heilman, Purcell, Tunison & Cline, P. C.,* for plaintiff.

*van Benschoten & van Benschoten, P. C.,* for defendants.

Before: DANHOF, C. J., and R. B. BURNS and E. A. QUINNELL,* JJ.

R. B. BURNS, J. Plaintiff appeals from a circuit court order affirming an arbitration award in favor of defendant Spafford, and denying plaintiff's motion to vacate the award. We reverse.

Defendant was injured when the snowmobile on which she was a passenger, owned and operated by her husband, collided with another snowmobile. The accident occurred on the frozen surface of a lake.

Defendant sought to recover under the uninsured motorist provision of an automobile insurance policy issued by plaintiff to her husband. Plaintiff refused the claim primarily because it did not consider a snowmobile to be a motor vehicle within the terms of the policy. When the American Arbitration Association ordered arbitration to proceed, plaintiff sought a declaratory judgment that the insurance contract did not cover a snowmobile accident, and an injunction against arbitration. The circuit court granted summary judgment in favor of defendant, and we affirmed. *Detroit Automobile Inter-Insurance Exchange v Spafford,*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

62 Mich App 365; 233 NW2d 283 (1975), *lv den,* 395 Mich 767 (1975).

While plaintiff's initial appeal was pending before this Court, an arbitrator awarded defendant $34,530.95. It is the validity of this award which we are called upon to determine.

Defendant's argument that we have already decided the issue presented in this case in her favor in the above cited opinion is without merit. In that opinion we determined only that there was an agreement to arbitrate this dispute and that we should therefore not reach the merits of the dispute. The arbitrator having rendered his decision, and plaintiff having made a motion to vacate the award, the issue of whether a snowmobile operating off-the-road is a "motor vehicle" under the insurance contract is now properly before us.

An arbitration award must be vacated where the arbitrator exceeds his power. GCR 1963, 769.9(1)(c). The arbitrator has only that power conferred by the contract, which is to resolve disputes arising under the contract in accordance with the provisions of the contract. Where the arbitrator acts arbitrarily or makes a clear error of law, the award is outside the scope of his power and the courts may grant relief. See *Stowe v Mutual Home Builders Corp,* 252 Mich 492, 497; 233 NW 391, 392 (1930), *Howe v Patrons' Mutual Fire Insurance Co of Michigan,* 216 Mich 560, 569–570; 185 NW 864, 867–868 (1921), *Port Huron & N R Co v Callanan,* 61 Mich 22, 26; 34 NW 678, 679 (1886), *American Motorists Insurance Co v Llanes,* 64 Mich App 105; 235 NW2d 77 (1975), *rev'd on other grounds,* 396 Mich 113; 240 NW2d 203 (1976).

Under the uninsured motorist coverage of defendant's husband's insurance contract, plaintiff agreed to pay:

"All sums which the insured shall be legally entitled to recover as damages * * * from the owner or operator of an uninsured automobile because of bodily injury * * * caused by accident and arising out of * * * use of such uninsured automobile."

The contract defines "uninsured automobile" as a "motor vehicle" without applicable insurance coverage. Excluded from the definition of "uninsured automobile" are

"(4) a land motor vehicle * * * operated on * * * crawler treads * * * ;

"(5) a farm-type tractor or equipment designed for use principally off the public roads except while actually upon the public roads."

*Woods v Progressive Mutual Insurance Co,* 15 Mich App 335; 166 NW2d 613 (1968), *lv den,* 382 Mich 754 (1969), limits the scope of crawler tread exclusions. In *Woods* the plaintiff's decedent was killed in a highway collision with an uninsured bulldozer. MCLA 500.3010; MSA 24.13010, since repealed by 1972 PA 345 but still in effect at the time of the accident in the instant case, required automobile insurance policies to offer protection for damages inflicted by "uninsured motor vehicles". By looking to the motor vehicle code, the Court found that a "vehicle" was

"every device in, upon, or by which any person or property is or may be transported or drawn upon a highway * * * ." MCLA 257.79; MSA 9.1879.

It therefore found that a bulldozer was a "motor vehicle" notwithstanding a crawler tread exclusion.

In *Nepstad v Randall,* 82 SD 615; 152 NW2d 383 (1967), a statutory definition of a motor vehicle identical to that found in MCLA 257.79; MSA 9.1879 was interpreted to mean that a motor vehicle not designed for highway use was not a "motor vehicle" unless actually being operated on the highway at the time of the accident. Thus, a golf cart being operated on a golf course was not a "motor vehicle". Accord, *Rice v Gruetzmacher,* 27 Wis 2d 46; 133 NW2d 401 (1965) (forklift).

A snowmobile is a land motor vehicle operated on crawler treads, as well as equipment designed for use principally off the road. Indeed, snowmobiles are banned from most state roads. MCLA 257.1512; MSA 9.3200(12). In the instant case, the collision occurred off the road, and therefore was within the contract exclusions. The exclusions are not inconsistent with MCLA 500.3010; MSA 24.13010, and hence are valid.

*Woods* is not inconsistent with our holding. In that case, the bulldozer was being operated on the highway. Since it is patently ridiculous that automobile insurance would cover injuries caused by equipment designed for off-the-road operation while actually off the road, it is not surprising that the *Woods* Court did not make explicit what must have been an underlying assumption. The crawler tread exclusion is valid in so far as it is not inconsistent with MCLA 500.3010; MSA 24.13010; *i.e.,* when the crawler tread vehicle is being operated off the road.

The arbitrator made a clear' error of law, and the trial court was required to vacate the award. GCR 1963, 769.9(1)(c).

Reversed. Costs to plaintiff.