ROONEY v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 78-5073. Submitted October 3, 1979, at Detroit.—Decided
December 19, 1979.

Plaintiff Darlene Rooney was injured when struck by a snowmo-
bile operated (on a road normally used by automobiles) by
defendant William Kittle and owned by him and his wife,
defendant Mary Kittle, who were uninsured. At the time of the
accident, plaintiffs, Darlene and John Rooney, were insured
under two policies with defendant Detroit Automobile Inter-
Insurance Exchange (DAIIE) which provided benefits for acci-
dental injuries "arising out of the * * * use of [an] uninsured
automobile". The policies specifically excluded from the term
"uninsured automobile" any "land motor vehicle or trailer
operated on rails or crawler treads". Plaintiffs submitted a
request for arbitration under the terms of the policies to the
American Arbitration Association. DAIIE took the position that
snowmobiles were not covered by the policies and refused to
arbitrate. Plaintiffs next filed a Notice of Intent to Claim and
Application for Payment with defendant Secretary of State
pursuant to the Motor Vehicle Accident Claims Act. The claim
was denied by the Motor Vehicle Accident Claims Fund for the
reason that no "uninsured motor vehicle" was involved. Plain-
tiffs filed two suits in the Oakland Circuit Court, one against
defendants Kittle and the other against DAIIE. In the Kittle
case plaintiffs moved the court to declare a snowmobile a
"motor vehicle" within the meaning of the Motor Vehicle
Accident Claims Act. The Secretary of State filed a brief in
opposition. The Secretary also intervened in the DAIIE case.
The cases were consolidated for trial. The court, Farrell E.
Roberts, J., entered an order declaring that a snowmobile is not
a "motor vehicle" within the meaning of the Motor Vehicle
Accident Claims Act. The Secretary was dismissed as a party.
The court, in response to a motion by plaintiffs, reversed its
prior ruling, declared a snowmobile to be a "motor vehicle" and
ordered arbitration. The Secretary was reinstated as a party

Reference for Points in Headnote
7 Am Jur 2d, Automobile Insurance § 99.

defendant. The court denied motions for vacation and reconsideration. DAIIE appeals. *Held:*

A snowmobile is a "motor vehicle" for purposes of the insurance code. A clause in an automobile insurance policy excluding from uninsured motorist coverage injury caused by accidents arising out of the use of "a land motor vehicle or trailer operated on rails or crawler treads" is void as it applies to snowmobiles.

Affirmed.

INSURANCE — UNINSURED MOTORIST COVERAGE — EXCLUSIONS — SNOWMOBILES.

A snowmobile is a "motor vehicle" for purposes of the insurance code; a clause in an automobile insurance policy excluding from uninsured motorist coverage injury caused by accidents arising out of the use of "a land motor· vehicle or trailer operated on rails or crawler treads" is void as it applies to snowmobiles.

*Rosenbaum, Bloom, Appel & Moses,* for plaintiffs-appellees.

*Condit & McGarry, P.C.,* for defendant.

Amicus Curiae: *Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Edgar L. Church, Jr.,* Assistants Attorney General, for the Secretary of State.

Before: T. M. BURNS, P.J., and BRONSON and R. M. MAHER, JJ.

T. M. BURNS, P.J. This lawsuit arises out of an accident that occurred on September 4, 1973, in the city of Wixom, Michigan, when plaintiff Darlene Rooney was struck and injured by a snowmobile being operated by one William Kittle. The snowmobile was owned by Kittle and his wife, who were uninsured.

At the time of the accident plaintiffs were insured under two policies of automobile liability

insurance issued by defendant Detroit Automobile Inter-Insurance Exchange (DAIIE). These policies provided for the payment of certain benefits to an injured insured "caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile". Specifically excluded from the term "uninsured automobile" was "a land motor vehicle or trailer operated on rails or crawler treads* * *".

Plaintiffs attempted to arbitrate their claim for benefits pursuant to the terms of their policies with DAIIE, but the DAIIE refused to arbitrate and took the position that its uninsured motorist coverage was not applicable to snowmobile-related injuries for the reason that a snowmobile was not a motor vehicle within the meaning of the uninsured motorist coverage of the insurance policy.

Subsequently, plaintiffs filed a Notice of Intent to Claim and Application for Payment with the defendant State of Michigan pursuant to the applicable provisions of the Motor Vehicle Accident Claims Act. MCL 257.1101 *et seq.;* MSA 9.2801 *et seq.* Thereafter, the defendant state denied plaintiffs' claim for the reason that no "uninsured motor vehicle" was involved in the accident. Thereupon, plaintiffs instituted the present suit in the Oakland County Circuit Court where they requested the court to declare a snowmobile to be a motor vehicle within the meaning of the Motor Vehicle Accident Claims Act.

In an opinion dated October 21, 1975, the lower court judge ruled that a snowmobile was not a motor vehicle within the meaning of the Motor Vehicle Accident Claims Act. Following this ruling, the defendant state was dismissed as a party defendant.

Plaintiffs then filed a motion to compel arbitra-

tion and on June 20, 1978, the trial judge reversed his prior order, declared the snowmobile to be an uninsured motor vehicle and ordered arbitration. The defendant state was reinstated as a party defendant. Defendant DAIIE now appeals and we affirm.

The Motor Vehicle Accident Claims Act defines "uninsured motor vehicle" as:

"* * * a motor vehicle as to which there is not in force a liability policy meeting the requirements of section 3009 of * * * [the Insurance Code of 1956; MCL 500.3009; MSA 24.13009] * * *, and which is not owned by a holder of self-insurance as provided in Section 531 of * * * [the Michigan Vehicle Code; MCL 257.531; MSA 9.2231]." MCL 257.1102(d); MSA 9.2802(d).

Because the accident in this case occurred prior to the October 1, 1973, effective date of the no-fault act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.,* that act does not apply and we look to pre-no-fault case law to determine whether the snowmobile that was operated on a roadway is an "uninsured motor vehicle" as defined by the Motor Vehicle Accident Claims Act. After examining the relevant authority we find that our resolution of the instant case is controlled by the opinions of this Court in *Woods v Progressive Mutual Ins Co,* 15 Mich App 335; 166 NW2d 613 (1968), *lv den* 382 Mich 754 (1969), and in *Detroit Automobile Inter-Insurance Exchange v Spafford,* 76 Mich App 85; 255 NW2d 780, *lv den* 402 Mich 825 (1977).

In *Woods* this Court considered the consequences of a fatal accident between an automobile and a bulldozer that was uninsured for liability. The insurance policy under which the plaintiff's decedent was insured provided uninsured motorist protection but in defining that term excluded "a land

motor vehicle or trailer if operated on rails or crawler treads". The plaintiff brought suit for declaratory judgment but lost in the lower court. However, on appeal this Court reversed, reasoning that:

"Since a bulldozer is a self-propelled device in, upon or by which any person or property may be transported or drawn upon a highway, we conclude that a bulldozer is a motor vehicle for the purposes of the motor vehicle responsibility law and, thus, is also a motor vehicle for the purposes of the [M]otor [V]ehicle [A]ccident [C]laims [A]ct. And since this is true, a bulldozer is a motor vehicle also for the purposes of the insurance code which, again, is *in pari materia* with the [M]otor [V]ehicle [A]ccident [C]laims [A]ct." *Woods, supra,* 338-339. (Citation to footnote omitted.)

Subsequently, in *Spafford* this Court considered the same exclusionary provision of an insurance policy and addressed the question of whether a snowmobile operating off the road was a motor vehicle within the terms of the policy. There, as here, the insurer agreed to pay claims against uninsured motorists but excluded liability for "a land motor vehicle * * * operated * * * on crawler treads". Although it held that the insurer was not liable on the facts before it, the *Spafford* court concluded that there were factual situations under which an insurer might be held liable for a claim against an uninsured snowmobilist:

"A snowmobile is a land motor vehicle operated on crawler treads, as well as equipment designed for use principally off the road. Indeed, snowmobiles are banned from most state roads. MCLA 257.1512; MSA 9.3200(12). In the instant case, the collision occurred off the road, and therefore, was within the contract exclusions. The exclusions are not inconsistent with MCLA

500.3010; MSA 24.13010 [this statute has since been repealed by the No-Fault Act], and hence are valid.

"*Woods* is not inconsistent with our holding. In that case, the bulldozer was being operated on the highway. Since it is patently ridiculous that automobile insurance would cover injuries caused by equipment designed ·for off-the-road operation while actually off the road, it is not surprising that the *Woods* Court did not make explicit what must have been an underlying assumption. The crawler tread exclusion is valid insofar as it is not inconsistent with MCLA 500.3010; MSA 24.13010; *i.e.,* when the crawler tread vehicle is being operated off the road." *Spafford, supra,* 89.

Thus, the lower court's conclusions that the exclusionary clause in the insurance policy was invalid and that the defendant DAIIE was liable for plaintiffs' uninsured motorist claim are correct. A snowmobile is a motor vehicle for purposes of the insurance code and, therefore, the exclusionary clause is void and a snowmobile can be an uninsured motor vehicle. The fact that there may be extensive legislation restricting the use of snowmobiles on roads and highways, see MCL 257.1501, *et seq.;* MSA 9.3200(1), *et seq.,* does not alter our result. If the Legislature had intended to treat snowmobiles differently than other motor vehicles, it would have provided for such a distinction in the various motor vehicle laws previously discussed.

Affirmed. Plaintiffs may assess cost.