SCHUSTER v ALLSTATE INSURANCE COMPANY

Docket No. 71333. Submitted July 2, 1985, at Detroit.—Decided October 22, 1985.

Plaintiff, John E. Schuster, a minor, by his next friend, Barbara Hutchins, brought an action in the St. Clair Circuit Court seeking a declaratory judgment as to the liability of defendants, Allstate Insurance Company and State Farm Mutual Automobile Insurance Company, for no-fault insurance benefits allegedly due the plaintiff as a result of injuries received when a snowmobile on which he was a passenger collided with a parked car. The snowmobile was apparently being operated on a public highway at the time. The snowmobile was not covered by a policy of insurance. Allstate is the no-fault insurance carrier of vehicles owned by plaintiff's relatives with whom he resided. The owner of the parked car was insured under a no-fault policy issued by State Farm. The trial court, Peter E. Deegan, J., issued an order of summary judgment declaring Allstate solely liable to plaintiff for no-fault benefits of $378.45 in medical expenses and $3,680 in wage-loss benefits. The court's order also granted summary judgment in favor of State Farm. Allstate appeals from the order for summary judgment and declaratory judgment. *Held:*

1. The trial court erred in concluding that plaintiff was entitled to no-fault benefits for injuries arising out of his use of a snowmobile. Injuries arising out of the ownership, operation, maintenance or use of a snowmobile are not compensable under a Michigan no-fault insurance policy. A snowmobile is not a "motor vehicle" as used in the no-fault act. The trial court erred in finding that it was.

2. Given the trial court's resolution of the issue of liability on the theory that the snowmobile did constitute a motor vehicle,

REFERENCES FOR POINTS IN HEADNOTES

[1-4] Am Jur 2d, Automobile Insurance §§ 340 *et seq.*
Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.
[2, 3] What constitutes a "motor vehicle" covered under no-fault insurance. 60 ALR3d 651.
[4] What constitutes occupancy of motor vehicle for purpose of no-fault automobile insurance. 35 ALR4th 364.

Allstate's liability under the parked-car exception to the no-fault act was never decided by the trial court. Therefore, a remand is necessary for further proceedings on that issue. The portion of the trial court's order dismissing State Farm as a party defendant is affirmed since under the act's priority provisions Allstate and not State Farm would be liable in the event plaintiff, a nonoccupant of the motor vehicle involved in the accident, is found to be entitled to no-fault benefits under the parked-car exception.

3. If plaintiff is found to be entitled to no-fault benefits under the parked-car exception, Allstate will be liable for plaintiff's work-loss benefits for the period of February through December of 1982 as determined by the trial court.

Affirmed in part, reversed in part and remanded.

1. INSURANCE — NO-FAULT INSURANCE — BENEFITS.

A plaintiff, in order to qualify for benefits under Michigan's no-fault act, must plead facts sufficient to establish that his injuries arose out of the use or operation of a motor vehicle as a motor vehicle (MCL 500.3105[1]; MSA 24.13105[1]).

2. INSURANCE — NO-FAULT INSURANCE — WORDS AND PHRASES — MOTOR VEHICLES.

A "motor vehicle" under the no-fault act means a vehicle, including a trailer, operated or designed for operation upon a public highway by power other than muscular power which has more than two wheels; a "motor vehicle" does not include a motorcycle or a moped (MCL 500.3101[2][c]; MSA 24.13101[2][c]).

3. INSURANCE — NO-FAULT INSURANCE — MOTOR VEHICLES — SNOW-MOBILES.

Injuries arising out of the ownership, operation, maintenance or use of a snowmobile are not compensable under a Michigan no-fault insurance policy; a snowmobile is not a "motor vehicle" since it is not designed for operation upon public highways and does not have conventional wheels used to propel the vehicle rather than extraneous wheels or those used with runners or belt-type treads (MCL 500.3101[2][c], 500.3105[1]; MSA 24.13101[2][c], 24.13105[1]).

4. INSURANCE — NO-FAULT INSURANCE — PARKED CAR EXCEPTION — NONOCCUPANTS OF MOTOR VEHICLES — PRIORITY OF INSURERS.

A person who is found to be entitled to no-fault benefits under the parked-car exception to the no-fault act as a result of suffering accidental bodily injury while not an occupant of a motor vehicle shall claim such benefits from insurers in the order of priority established by the statutory provisions relat-

ing thereto (MCL 500.3106, 500.3114[1], 500.3115[1]; MSA 24.13106, 24.13114[1], 24.13115[1]).

*Bebout, Potere, Cox & Hughes, P.C.* (by *John P. Strayer),* for John E. Schuster.

*Luce, Henderson, Bankson, Heyboer & Lane* (by *Cynthia A. Lane),* for Allstate Insurance Company.

*McIntosh, McColl, Allen, Carson, McNamee & Strickler* (by *John B. McNamee),* for State Farm Mutual Automobile Insurance Company.

Before: BEASLEY, P.J., and J. H. GILLIS and M. J. KELLY, JJ.

PER CURIAM. Defendant Allstate Insurance Company appeals as of right from an order of summary judgment declaring Allstate solely liable for no-fault benefits payable to plaintiff. We affirm in part and reverse in part.

This case arises out of an accident that occurred on the evening of February 12, 1982, when a snowmobile operated by Scott Thomas collided with a parked car. Plaintiff, John E. Schuster, who was then 16 years old, was a passenger on the snowmobile and was injured as a result of the collision. Operator Scott Thomas's injuries resulted in his death.

The snowmobile was not covered by a policy of insurance. Allstate is the no-fault insurance carrier of vehicles owned by plaintiff's relatives with whom he resided. The owner of the parked car was insured under a no-fault policy with State Farm Mutual Automobile Insurance Company.

On August 16, 1982, plaintiff, by his stepmother and next friend, Barbara Hutchins, filed a complaint for declaratory relief against Allstate and State Farm alleging that both insurers had a duty

to provide plaintiff with no-fault benefits and that both had refused to do so. On November 28, 1984, the trial court issued an amended final order granting summary judgment under GCR 1963, 117.2(2) in favor of plaintiff and against Allstate declaring as a matter of law that Allstate owed plaintiff no-fault benefits of $378.45 in medical expenses and $3,680.00 in wage-loss benefits. The court's order also granted summary judgment in favor of State Farm under GCR 1963, 117.2(3). Allstate now appeals from this order as of right.

To qualify for benefits under Michigan's no-fault act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.,* plaintiff must plead facts sufficient to establish that his injuries arose out of the use or operation of a motor vehicle as a motor vehicle. MCL 500.3105(1); MSA 24.13105(1). The trial court found Allstate liable for no-fault benefits on the theory that the snowmobile was a motor vehicle because, at the time of the collision, it was being used for transporting persons on a public highway rather than as an off-the-road recreational vehicle. In reaching this conclusion, the court relied upon *Rooney v DAIIE,* 94 Mich App 448; 288 NW2d 445 (1979).

Our decision in *Rooney v DAIIE,* however, relied upon pre-no-fault law since the accident in that case had occurred prior to the effective date of the no-fault act. Consequently, we construed the Michigan Vehicle Code, MCL 257.1 *et seq.;* MSA 9.1801 *et seq.,* and determined that a snowmobile is self-propelled and hence constitutes a motor vehicle as defined under MCL 257.33; MSA 9.1833.

The accident in this case occurred after the effective date of the no-fault act and is governed by its provisions. It is evident to us that the Legislature fully intended to narrow the definition of "motor vehicle" as used in that act:

" 'Motor vehicle' means a vehicle, including a trailer, operated or designed for operation upon a public highway by power other than muscular power which has more than 2 wheels. Motor vehicle does not include a motorcycle or a moped, as defined in section 32b of Act No. 300 of the Public Acts of 1949 * * *." MCL 500.3101(2)(c); MSA 24.13101(2)(c).

This Court in another pre-no-fault case described the character of a snowmobile as "a land motor vehicle operated on crawler treads, as well as equipment designed for use principally off the road". *DAIIE v Spafford,* 76 Mich App 85, 89; 255 NW2d 780 (1977), *lv den* 402 Mich 825 (1977). We agree that snowmobiles are not designed for operation upon public highways and do not have wheels, at least in the conventional "on the ground" sense. We believe that the Legislature intended "wheels" to mean wheels used to propel the vehicle and not extraneous wheels or those used with runners or belt-type treads. Injuries arising out of the ownership, operation, maintenance or use of a snowmobile are not compensable under a Michigan no-fault insurance policy. See also *Bialochowski v Cross Concrete Pumping Co, Inc,* 141 Mich App 315, 320; 367 NW2d 381 (1985); *Johnston v Hartford Ins Co,* 131 Mich App 349, 356; 346 NW2d 549 (1984), *lv den* 419 Mich 893 (1984); *Apperson v Citizens Mutual Ins Co,* 130 Mich App 799; 344 NW2d 812 (1983). The trial court thus erred in concluding that plaintiff was entitled to no-fault benefits for injuries arising out of his use of a snowmobile.

Plaintiff alternatively argues, as he did below, that even if snowmobiles do not constitute motor vehicles under Michigan's no-fault act, he is nevertheless entitled to benefits because the car with which the snowmobile collided was parked in such a way as to cause unreasonable risk of bodily

injury to plaintiff. MCL 500.3106; MSA 24.13106. Given the trial court's resolution of the issue of liability on the theory that the snowmobile constituted a motor vehicle, Allstate's liability under the parked-car exception to the no-fault act was never decided below. At this point in the proceedings, plaintiff and defendant dispute whether the car was parked in an unreasonable manner and we cannot affirm the order of summary judgment, issued pursuant to GCR 1963, 117.2(2), on this basis. We remand instead for further proceedings on the issue of Allstate's liability under MCL 500.3106; MSA 24.13106.

Allstate contends that the court's order dismissing State Farm should be reversed as premature and that State Farm should be reinstated as a party defendant in the proceedings on remand. We disagree. In the event that plaintiff is found to be entitled to no-fault benefits under MCL 500.3106; MSA 24.13106, it will be as a nonoccupant of the motor vehicle involved in the accident and priority of insurance coverage will be determined according to MCL 500.3115(1); MSA 24.13115(1) and MCL 500.3114(1); MSA 24.13114(1). Since Allstate is the insurer of a policy issued to relatives with whom plaintiff is domiciled, Allstate and not State Farm would be liable for plaintiff's no-fault benefits. See *Royal Globe Ins Co v Frankenmuth Mutual Ins Co,* 419 Mich 565, 568-570; 357 NW2d 652 (1984); *Underhill v Safeco Ins Co,* 407 Mich 175, 182; 284 NW2d 463 (1979). That portion of the trial court's order dismissing State Farm as a party defendant is affirmed.

Finally, if on remand the trial court finds that plaintiff is entitled to no-fault benefits under MCL 500.3106; MSA 24.13106, Allstate will be liable for plaintiff's work-loss benefits for the period of February through December of 1982. In the proceed-

ings below, the court considered the testimony of Robert Winkler, coordinator of the co-op program at plaintiff's high school, and found that plaintiff had established loss of wages attributable to the accident through the end of 1982. We are not persuaded that this finding is clearly erroneous. GCR 1063, 517.1, now MCR 2.613(C).

Affirmed in part, reversed in part and remanded.