FREEMAN v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

Docket No. 91480. Submitted December 3, 1986, at Detroit. Decided
April 22, 1987. Leave to appeal applied for.

Edward M. Freeman, Michael H. Henry and Eric Button, all
minors, were injured when the snowmobile upon which they
were riding was struck by another snowmobile, operated by
Dean Teschendorf, another minor. Edward Freeman's injuries
resulted in a leg deformity, and Michael Henry's right leg had
to be amputated above the knee. Edward L. Freeman, individu-
ally and as next friend of Edward M. Freeman, and Norma
Freeman and James C. Henry, individually and as next friend
of Michael Henry, and Mary Ann Henry filed suit against Cleo
Teschendorf, Dean's father, and Dean Teschendorf in Oakland
Circuit Court seeking damages for the personal injuries. Cleo
Teschendorf sought to have State Farm Mutual Automobile
Insurance Company, which insured Teschendorf's automobile,
defend the action in the Oakland Circuit Court and pay any
judgment against Teschendorf up to the policy limits. State
Farm denied coverage of the snowmobile and refused to defend
the action against the Teschendorfs. Edward Freeman subse-
quently received a mediation award of $50,000 against Dean
Teschendorf, which is unsatisfied, and Michael Henry's claim
was discontinued without prejudice. The plaintiffs in the Oak-
land Circuit Court action filed suit against State Farm Mutual
Automobile Insurance Company in Wayne Circuit Court seek-
ing a declaratory judgment that State Farm must provide
liability coverage on the Teschendorf automobile policy. The
Wayne Circuit Court, Thomas J. Brennan, J., granted summary
disposition in favor of defendant, finding that a snowmobile is
not a motor vehicle within the meaning of the no-fault act and

REFERENCES

Am Jur 2d, Automobile Insurance §§ 325, 355.
"Vehicle" or "land vehicle" within meaning of insurance policy
provision defining risks covered or excepted. 65 ALR3d 824.
What constitutes a "motor vehicle" covered under no-fault insur-
ance. 60 ALR3d 651.
Validity and construction of "no-fault" automobile insurance plans.
42 ALR3d 229.

therefore is not covered by the policy of no-fault insurance written by defendant and issued to Cleo Teschendorf. Plaintiffs appealed, arguing that defendant's alleged liability arises not from the no-fault act but from Chapter 30 of the Insurance Code.

The Court of Appeals *held:*

While the Teschendorfs face the possibility of tort liability for their allegedly negligent conduct under traditional tort principles, Chapter 30 of the Insurance Code does not require insurance coverage by defendant simply because the Teschendorfs may be liable. Furthermore, there is no requirement that snowmobiles be insured, and nothing in the policy at issue suggests that such optional coverage was offered or obtained.

Affirmed.

1. INSURANCE — NO-FAULT — SNOWMOBILES.

Snowmobiles are not motor vehicles for purposes of the no-fault insurance act (MCL 500.3101[2][c]; MSA 24.13101[2][c]).

2. INSURANCE — NO-FAULT — SNOWMOBILES.

There is no legal requirement in Michigan that snowmobiles be insured, and no-fault insurance coverage of a motor vehicle does not extend to a snowmobile owned or operated by the person or persons insured under the no-fault policy.

*George E. Ward,* for plaintiffs.

*Romain, Donofrio, Kuck & Egerer, P.C.* (by *Pat M. Donofrio* and *John C. Brennan*), for defendant.

Before: DANHOF, C.J., and SHEPHERD and W. A. PORTER,* JJ.

SHEPHERD, J. This case involves a declaratory action in Wayne County seeking insurance coverage for a lawsuit in Oakland County. Plaintiffs appeal from a grant of summary disposition in favor of defendant. We affirm.

On February 11, 1981, plaintiffs Edward M. Freeman and Michael H. Henry, both minors, were apparently passengers on a snowmobile

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

driven by Eric Button, also a minor, when their snowmobile was struck by a second snowmobile driven by Dean Teschendorf, another minor. Freeman sustained multiple fractures to his right femur, resulting in growth stoppage and deformity of the leg. Henry ultimately had his right leg amputated above the knee. According to deposition testimony, the snowmobile driven by Dean Teschendorf was owned by his brother-in-law, who had left it for storage and did not give permission for its use.

Cleo Teschendorf, Dean's father, had an automobile insurance policy from defendant covering a 1974 Chrysler New Yorker. Plaintiffs sued Cleo and Dean Teschendorf in Oakland Circuit Court on some unspecified date. According to plaintiffs' complaint, the instant defendant repeatedly refused to assume the defense of that suit, asserting no liability coverage for a snowmobile. The Teschendorfs apparently engaged their own counsel. According to plaintiffs' brief, Edward Freeman received a mediation award of $50,000 against Dean Teschendorf, which is apparently unsatisfied. Also according to plaintiffs' brief, Michael Henry's claim was "discontinued without prejudice."

The instant action was filed in Wayne Circuit Court on June 28, 1985, seeking a declaratory judgment that defendant provide liability coverage on the Teschendorf policy. Plaintiffs moved on September 24, 1985, for summary disposition on the liability issue, alleging defendant's failure to state a valid defense and asserting that no genuine issue of material fact existed. Defendant also moved for summary disposition pursuant to MCR 2.116(C)(10), no genuine issue of material fact, and a hearing was held.

The Wayne Circuit Court granted summary disposition for defendant, concluding that a snowmo-

bile was not a motor vehicle within the meaning of the Michigan no-fault act. The court relied on *Schuster v Allstate Ins Co,* 146 Mich App 578; 381 NW2d 773 (1985), and *McDaniel v Allstate Ins Co,* 145 Mich App 603; 378 NW2d 488 (1985), both cases holding that injuries arising out of the operation, use, or maintenance of snowmobiles are not compensable under Michigan no-fault policies.

Plaintiffs apparently concede that the so-called no-fault act, Chapter 31 of the Insurance Code, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.,* is not applicable to their claim, as they are not seeking no-fault benefits but are pursuing a tort claim. Although difficult to follow, plaintiffs' argument appears to be that defendant's alleged liability under the policy arises instead from the requirements of Chapter 30 of the Insurance Code, specifically MCL 500.3009; MSA 24.13009 (§ 3009).

The Legislature has abolished certain aspects of tort liability for accidents involving motor vehicles except in specific instances, such as those involving death, serious impairment of body function, or permanent serious disfigurement. MCL 500.3135; MSA 24.13135. The snowmobiles involved in this accident do not meet the definition of motor vehicles under the act, MCL 500.3101(2)(c); MSA 24.13101(2)(c) (§ 3101[2][c]). See *Schuster, supra* pp 581-582, and *McDaniel, supra,* pp 607-609. Consequently, we agree with plaintiffs that the no-fault act is irrelevant to their tort claim against the Teschendorfs. It seems clear that the Teschendorfs face the possibility of tort liability for their allegedly negligent conduct under traditional tort principles. We cannot agree, however, that § 3009 requires insurance coverage by defendant simply because the Teschendorfs may be liable.

Section 3009 provides in part:

(1) An automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for property damage, bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall not be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless such liability coverage as is provided therein is subject to a limit, exclusive of interest and costs, of not less than $20,000.00 because of bodily injury to or death of 1 person in any one accident, and, subject to said limit for 1 person, to a limit of not less than $40,000.00 because of bodily injury to or death of 2 or more persons in any one accident, and to a limit of not less than $10,000.00 because of injury to or destruction of property of others in any accident.

Plaintiffs insist that the term "motor vehicle" in § 3009 is broader than the definition in the no-fault act, § 3101(2)(c). Plaintiffs cite MCL 500.3004; MSA 24.13004 (§ 3004) and the motor vehicle code, MCL 257.33; MSA 9.1833, to support their contention that a snowmobile is a "motor vehicle" for purposes of applying § 3009.

We initially note that § 3009 makes no reference to MCL 257.33; MSA 9.1833. Section 3004 does not define "motor vehicle," but lists several sorts of liability insurance policies which may be issued and requires that they contain provisions relating to bankruptcy and notice. Sections 3009 and 3004 appear to *allow* the issuance of policies covering liability for the use, operation, or maintenance of snowmobiles. Assuming for the sake of argument that the meaning of "motor vehicle" in § 3009 is as broad as plaintiff argues, however, § 3009 would at best require minimum coverage limits on such a policy. Nothing in § 3009, or the rest of Chapter 30 of the Insurance Code, *requires* coverage of snow-

mobiles, particularly under the instant automobile policy.

It appears that plaintiffs seek to require all no-fault insurers to cover snowmobiles as a matter of public policy (mistakenly assumed to be reflected in § 3009) whenever an insured takes out a no-fault policy on an automobile or other motor vehicle. Plaintiffs seem to assume that, because the Teschendorfs may have tort liability, they must also be covered by some sort of insurance for this liability. We do not believe that public policy requires potential tortfeasors to carry insurance save in narrowly defined situations, such as those covered by the no-fault act. MCL 500.3101; MSA 24.13101 requires owners or registrants of motor vehicles to maintain insurance or other security for payment of certain benefits. A snowmobile is not such a motor vehicle. *Schuster, supra; McDaniel, supra.* A similar provision applies to motorcycles. MCL 500.3103; MSA 24.13103. The insurance required in those instances must also conform to the requirements of § 3009 in terms of the policy limits.

The instant policy appears to meet the statutory requirements for Cleo Teschendorf's automobile, the motor vehicle covered by the policy. We are able to locate nothing in the statutes or cases cited by plaintiffs requiring Cleo Teschendorf to obtain insurance coverage on any snowmobile he may own or operate. Nothing in the policy at issue suggests that such optional coverage was offered or obtained.

We find unpersuasive plaintiffs' reliance on *Woods v Progressive Mutual Ins Co,* 15 Mich App 335; 166 NW2d 613 (1968). *Woods* involved an accident between an automobile and a bulldozer. The plaintiffs sought recovery under an automobile policy issued to plaintiffs which covered loss

from accidents involving uninsured motor vehicles. This Court held that such coverage was statutorily required to include accidents involving bulldozers. This result was accomplished by reading the motor vehicle code definitions of "motor vehicles" and "uninsured motor vehicles," MCL 257.33; MSA 9.1833 and MCL 257.1102(d); MSA 9.2802(d), in pari materia with the applicable provision of the Insurance Code requiring uninsured motorists coverage. That provision, MCL 500.3010; MSA 24.13010, has since been repealed. *Woods* was decided prior to the no-fault system, which has addressed similar concerns through different solutions, so the applicability of the case is questionable. See *St Bernard v Detroit Automobile Inter-Ins Exchange,* 134 Mich App 178, 187-188; 350 NW2d 847 (1984), noting the limited utility of *Woods.* It should also be noted that at least one automobile was involved in *Woods.*

We sympathize with plaintiffs. The owners of snowmobiles, however, are not required by the law to carry insurance. While such may be a desirable policy, it is up to the Legislature to require such insurance as it has done for motor vehicles and motorcycles under the no-fault act.

Affirmed.