**Kendall A. KEELY, individually and as the natural mother and next friend of Christopher A. Keely, a minor, Plaintiffs–Appellants,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant–Appellee.**

**No. 90CA2166.**

Colorado Court of Appeals, Div. III.

March 26, 1992.

Rehearing Denied April 30, 1992.

Certiorari Denied Aug. 24, 1992.

Vanatta, Sullan, and Sandgrund, Dean R. Vanatta, Curt T. Sullan, Englewood, for plaintiffs-appellants.

Walberg & Dagner, P.C., Wendelyn K. Walberg, Englewood, for defendant-appellee.

Opinion by Judge JONES.

Plaintiffs, Christopher A. Keely, a minor, and Kendall A. Keely, as his natural mother and next friend, appeal the summary judgment entered in favor of defendant, Allstate Insurance Company. We affirm.

The case arose after the minor plaintiff was injured while riding as a passenger on an uninsured snowmobile operated by the plaintiffs' neighbor. The accident occurred

on private property, off of public roads. Plaintiffs made a claim for uninsured motorist benefits under an automobile insurance policy issued by defendant to Kendall A. Keely. Defendant denied the claim, and plaintiffs thereafter filed a declaratory judgment action seeking a declaration of coverage and summary judgment against defendant. Defendant filed a cross-motion for summary judgment against plaintiffs, which the trial court granted. This appeal followed.

## I.

Plaintiffs first contend that the trial court erred by ruling that their insurance policy unambiguously excludes snowmobiles from its uninsured motorist coverage provisions. Defendant maintains that plaintiffs' policy includes two provisions which specifically exclude snowmobiles from the definition of an "uninsured auto," and that the trial court properly found these provisions to be unambiguous. We agree with the trial court that plaintiffs' policy unambiguously excludes snowmobiles, while not in use on public roads, from the coverage provided for uninsured autos.

The uninsured motorist provisions of plaintiffs' policy provide that defendant will pay damages suffered by an insured because of bodily injury caused by accident and arising "out of the ownership, maintenance or use of an uninsured auto." An "uninsured auto" is defined under the policy as "a motor vehicle which has no bodily injury liability bond or policy in effect at the time of the accident." "Motor vehicle" is defined as follows:

'Motor Vehicle'—means a land motor vehicle or trailer other than

a. a vehicle designed for use off public roads, while not on public roads,

b. a vehicle operated on rails or crawler treads, or

c. a vehicle when used as a residence or premises.

■ Defendant maintains that provisions "a" and "b" under the excluded definitions of "motor vehicle" both operate to exclude snowmobiles from the policy's uninsured motorist provisions. Plaintiffs argue that these exclusions are ambiguous and must be construed in favor of coverage. We determine that exclusionary provision "a" precludes uninsured motorist coverage for snowmobiles "while not on public roads," and, therefore, we do not consider provision "b."

■ Plaintiffs argue that a snowmobile is not "a vehicle designed for use off public roads" because it is specifically excluded from the definition of "off-highway vehicles" set forth in § 33–14.5–101, et seq., C.R.S. (1984 Repl.Vol. 14). This argument is without merit because, prior to the promulgation of "off-highway vehicles" legislation, the General Assembly had already legislated a statutory scheme, § 33–14–101, et seq., C.R.S. (1984 Repl.Vol. 14), which specifically regulates the operation and use of snowmobiles. Therefore, the exclusion of snowmobiles from the "off-highway vehicles" regulations was not for the purpose of excluding snowmobiles from the definition of an off-highway vehicle but, instead, was to avoid the possibility that off-highway vehicle regulations might be applied to snowmobiles, which are independently regulated.

The controlling argument, here, turns upon the statutes which specifically regulate snowmobiles. In § 33–14–102(11), C.R.S. (1984 Repl.Vol. 14), a "snowmobile" is defined as "a self-propelled vehicle *primarily designed or altered for travel on snow or ice....*" (emphasis added) In addition, the General Assembly has prescribed that snowmobiles may only be used on the roadway of streets and highways during emergency conditions and subject to restricted operation. Section 33–14–110, C.R.S. (1984 Repl.Vol. 14).

These statutes demonstrate a legislative recognition that snowmobiles are not designed to be used on public roadways as a matter of course, but are "designed for use off public roads," because they are "primarily designed or altered for travel on snow or ice." *See Stepec v. Farmers Insurance Co.*, 301 Minn. 434, 222 N.W.2d 796 (1974); *Detroit Automobile Inter-In-*

*surance Exchange v. Spafford,* 76 Mich. App. 85, 255 N.W.2d 780 (1977).

In the absence of an ambiguity, an insurance contract must be given effect according to the ordinary and accepted sense of the terms contained therein. *Northern Insurance Co. v. Ekstrom,* 784 P.2d 320 (Colo.1989).

Under the unambiguous terms of the policy, snowmobiles are incorporated under plaintiffs' policy provision excluding uninsured motorist coverage for "a vehicle designed for use off public roads, while not on public roads." Thus, damages sustained from operating or riding upon an uninsured snowmobile that were incurred "while not on public roads," are excluded from uninsured motorist coverage. Plaintiffs, therefore, are not eligible for uninsured motorist coverage under the unambiguous terms of the policy.

## II.

■ Plaintiffs also contend that, even if there is a valid policy exclusion for snowmobiles, the trial court erred by ruling that the uninsured motorist statute does not require coverage for accidents involving snowmobiles. They argue that defendant must extend uninsured motorist coverage for all damages arising from the operation of snowmobiles to comply with the public policy expressed in the uninsured motorist statute. We disagree.

Section 10–4–601(2), C.R.S. (1987 Repl. Vol. 4A) defines "policy" as:

an automobile insurance policy ... under which *the insured motor vehicles therein designated are of the following types only:*

(a) A motor vehicle of the private passenger or station wagon type ... or

(b) Any other four-wheel motor vehicle.... (emphasis added)

Uninsured motorist protection is mandated pursuant to § 10–4–609, C.R.S. (1987 Repl.Vol. 4A). "Uninsured motor vehicle" is not defined under § 10–4–609, other than by reference to coverage for damages inflicted by an underinsured motor vehicle, which is defined as a "land motor vehicle."

Inasmuch as the contrary intention does not plainly appear, the uninsured motorist provisions of the statute, lacking a definition of "uninsured motor vehicle," necessitate application of the definition section of the statute. *See R.E.N. v. City of Colorado Springs,* 823 P.2d 1359 (Colo.1992). Thus, pursuant to the unambiguous language of § 10–4–601(2), a snowmobile was not intended to be one of the "only" types of vehicles designated as an insured vehicle subject to the statutory "policy" provisions.

Furthermore, § 10–1–101, et seq., C.R.S. (1987 Repl.Vol. 4A) incorporates all of the articles regulating state insurance. The only other statutory definition of a "vehicle" under that statutory title is in § 10–4–703(7), C.R.S. (1987 Repl.Vol. 4A). There, a motor vehicle is defined as:

any vehicle of a type required to be registered and licensed under the laws of this state and which is designed to be propelled by an engine or motor; *except that this term does not include ... snowmobiles....* (emphasis added)

Finally, we note that the General Assembly has reserved a separate and independent statutory scheme under § 33–14–101, et seq., C.R.S. (1984 Repl.Vol. 14), for the purpose of regulating snowmobile ownership and use. Under those statutes, there is no reference to insurance requirements for snowmobiles, and, in fact, pursuant to § 33–14–102, C.R.S. (1984 Repl.Vol. 14), a snowmobile need only be "registered and numbered" before it may be operated in this state.

We are not persuaded by plaintiffs' reliance on *Sentry Insurance Co. v. Castillo,* 574 A.2d 138 (R.I.1990), wherein the Rhode Island Supreme Court held that a snowmobile qualified for uninsured motorist coverage based on a dearth of clear policy or statutory exclusions. In *Sentry,* "snowmobile" was *included* within policy provisions which provided coverage for "a land motor vehicle designed for use on public roads." The court found that, because a snowmobile could be used on public roads, it was eligible for coverage under the policy.

In addition, under *Sentry,* there was no unambiguous statutory limitation on the

types of vehicles eligible for uninsured motorist coverage comparable to the limitation on coverage in § 10-4-601(2), C.R.S. (1987 Repl.Vol. 4A).

Here, coverage is specifically *excluded* for "a vehicle designed for use off public roads." There is no question that one of a snowmobile's primary functions is off-public-roads use. *See Stepec v. Farmers Insurance Co., supra; Detroit Automobile Inter-Insurance Exchange v. Spafford, supra.* This consideration, in conjunction with our uninsured motorist statute, renders the exclusion valid.

We conclude that the trial court properly determined that the uninsured motorist statute does not require coverage for accidents involving snowmobiles used off public roads. Any other conclusion would place automobile owners in the inequitable position of having to purchase insurance coverage for snowmobile owners and operators, who, by definition under § 10-4-601(2), are under no similar obligation to incur the costs of insurance protection. We also note that our decision here does not preclude uninsured motorist coverage for snowmobile accidents which occur on public roads, nor does it preclude coverage for off-road four-wheel vehicles, which must retain coverage pursuant to § 10-4-601(2), C.R.S. (1987 Repl.Vol. 4A).

Plaintiffs' remaining contentions are without merit.

The judgment is affirmed.

METZGER and RULAND, JJ., concur.