[No. 13052-5-III.    Division Three.    July 12, 1994.]

WILLIAM CLAYTON, ET AL, *Appellants,* v. GRANGE
INSURANCE ASSOCIATION, *Respondent.*

*Lou Delorie* and *Wiley G. Hurst & Associates; Bradley A. Mellotte* and *David M. Grant,* for appellants.

*Erika Balazs, Andrew C. Bohrnsen,* and *Lukins & Annis,* for respondent.

SCHULTHEIS, J. — On cross motions for summary judgment the trial court ruled in favor of Grange Insurance Association and held an exclusion from underinsured motorist (UIM) coverage, when the insured is operating an uninsured vehicle which he owns, unambiguous and not contrary to public policy. Billy Clayton contends: (1) a farm tractor is not a motor vehicle; (2) the exclusionary clause is ambiguous; (3) even if a tractor is technically a motor vehicle, the fundamental public policy of the UIM statute would be disserved by allowing the exclusion; and (4) the exclusion bears no relation to the insurer's risk. We reverse.

Mr. Clayton and his daughter were burning weeds beside a highway adjacent to his farm. Mr. Clayton was driving a tractor on the shoulder of the road off the paved portion and carrying a fuel tank in the front bin. His daughter was operating a torch on the ground. The burning generated smoke which billowed across the road. Shawna Barnes approached in her automobile from behind and, her vision apparently impaired by the smoke, veered off the highway and struck the tractor, injuring Mr. Clayton. He collected the

$50,000 limit on Ms. Barnes' liability policy and submitted a claim to Grange under his UIM coverage. Grange denied the claim based on the following provision:

EXCLUSIONS —
A.  We do not provide Underinsured Motorist Coverage for "bodily injury" sustained by any person:

1.  While operating, or "occupying", any motor vehicle owned by or available for the regular use of you or any "family member" which is not insured for Liability coverage under this policy.

Mr. Clayton concedes the clause tracks the authorizing statute. No liability policy may issue on a vehicle registered or principally garaged in Washington unless the insurer also offers UIM coverage for injuries sustained by the insured "except while operating or occupying a motor vehicle owned or available for the regular use by the named insured or any family member, and which is not insured under the liability coverage of the policy." RCW 48.22.030(2).

Mr. Clayton's liability policy with Grange covered several automobiles. The tractor was not covered.

■ In reviewing summary judgment proceedings, an appellate court's inquiry is the same as that undertaken by the trial court. The facts together with reasonable inferences are construed in the light most favorable to the nonmoving party and issues of law are reviewed de novo. *Hanson v. Snohomish*, 121 Wn.2d 552, 556, 852 P.2d 295 (1993).

■ Washington has a strong policy, both legislative and judicial, of protecting its citizenry from financially irresponsible motorists:

The UIM statute does not contain a "legislative intent" section, but this court has consistently stated that the Legislature enacted the UIM statute to increase and broaden the protection of members of the public who are involved in automobile accidents. This legislative purpose "is not to be eroded . . . by a myriad of legal niceties arising from exclusionary clauses. RCW 48.22.030 should be read, therefore, to declare a public policy overriding the exclusionary language so that the intendments of the statute are read into and become part of the contract of insurance." The UIM statute "is to be liberally construed in order to provide broad protection against financially irresponsible motorists." This interpretation of legislative purpose has

generally resulted in this court's voiding any provision in an insurance policy which is inconsistent with the statute, which is not authorized by the statute, or which thwarts the broad purpose of the statute. The public policy of protecting the innocent victim of an uninsured motorist is applied to the underinsured motorist to the extent that it is compatible.

(Footnotes omitted.) *Clements v. Travelers Indem. Co.*, 121 Wn.2d 243, 251-52, 850 P.2d 1298 (1993).

The policy does not define "motor vehicle". Neither does RCW Title 48 which governs insurance. When an exclusionary clause in an insurance contract is at issue, the threshold question is whether it unambiguously applies by its own terms. Ambiguity is tested by asking whether more than one reasonable interpretation is possible. *Vadheim v. Continental Ins. Co.*, 107 Wn.2d 836, 841, 734 P.2d 17 (1987). What is reasonable is tested with reference to what an average purchaser of insurance would conclude. *Kowal v. Grange Ins. Ass'n*, 110 Wn.2d 239, 246-47, 751 P.2d 306 (1988). If ambiguous, the clause is construed against the insurer and in favor of the insured. *Barney v. Safeco Ins. Co. of Am.*, 73 Wn. App. 426, 429, 869 P.2d 1093 (1994).

Mr. Clayton points to statutes which exclude tractors from licensing and insurance requirements and infers that tractors are not motor vehicles as the ordinary purchaser of insurance would understand the term. RCW 46.16.010; RCW 46.30.020. This contention finds support in one of our prior decisions. *Sperry v. Maki*, 48 Wn. App. 599, 740 P.2d 342, *review denied*, 109 Wn.2d 1014 (1987). In *Sperry*, an airplane collided with an automobile while making an emergency landing on a highway. The driver of the car filed a UIM claim with his insurer on the theory that the airplane met the technical definition of "motor vehicle" and was in fact being used as a vehicle on a public highway at the time of the occurrence.[1] *Sperry* held an airplane is not a motor

---

[1]RCW 46.04.320 defines "motor vehicle" as "every vehicle which is self-propelled and every vehicle which is propelled by electric power obtained from overhead trolley wires, but not operated upon rails." RCW 46.04.670 further defines "vehicle" as including "every device capable of being moved upon a public highway and in, upon, or by which any persons or property is or may be transported or drawn upon a public highway . . .".

vehicle for four reasons: (1) the ordinary person thinks of a motor vehicle as a land conveyance; (2) the use to which a conveyance is put is not determinative of its definition; (3) a pilot falls within neither the class burdened nor the class protected by the UIM statute because he is not required to purchase motor vehicle insurance; and (4) logically, defining an airplane as a motor vehicle would require a pilot to comply with all provisions of RCW Title 46 respecting licensing and financial responsibility. *Sperry*, at 602-03.

Grange attempts to distinguish *Sperry*, arguing there is no need to seek guidance from the licensing or insurance statutes because the Legislature has defined a tractor as a motor vehicle: " 'Farm tractor' means every motor vehicle designed and used primarily as a far implement for drawing plows, mowing machines, and other implements of husbandry." RCW 46.04.180.

The central question, therefore, is whether RCW Title 46 definitions control RCW Title 48 issues.

One decision of interest, from another jurisdiction, bears a remarkable resemblance to the facts of this case and illuminates the core issue. *Hare v. Lumbermens Mut. Cas. Co.*, 471 A.2d 1041 (Me. 1984). In *Hare*, the plaintiff was struck from the rear while operating a tractor. The tractor was not insured, but plaintiff had coverage on two other vehicles. He settled with the driver at fault and filed a UIM claim. It was denied on the same exclusion at issue here. The trial court looked to the statutory definitions of "vehicle" and "farm tractor", which are substantially the same as Washington's, and held a tractor was a vehicle embraced within the exclusion. On appeal, *Hare* noted that the definitions relied upon below applied by their own terms only to the title in which they were found and not to the title governing insurance. 471 A.2d at 1043. *Hare* held that in the absence of a definition of "motor vehicle" in either the policy or an applicable statute, the trial court erred in finding no ambiguity. The matter was remanded with directions to treat the meaning of the ambiguous language as a question of fact. That is also the rule in this jurisdiction, at least when extrinsic evidence is taken. *Berg v.*

*Hudesman*, 115 Wn.2d 657, 667-68, 801 P.2d 222 (1990). Mr. Hare was also given the opportunity to prove his carrier would not have written a liability policy on the tractor. *Hare*, 471 A.2d at 1044.

■ *Hare* diverges from this case because RCW 46.04.010 provides only that the terms employed throughout Title 46 are governed by the definitions found in RCW 46.04. There are no words of limitation which suggest they cannot also control in other contexts. The ultimate holding of *Sperry*, 48 Wn. App. at 601, however, rejected a rigid application of Title 46 definitions to Title 48 issues in favor of the common meaning of terms which the average person would apply. *Sperry*, at 602. We do so here as well.

The tractor was not being used for transportation purposes at the time of the occurrence. Farm tractors are not even designed for transportation, but rather are "designed and used primarily as a farm implement . . ." and only incidentally operate on public highways. RCW 46.04.180; *see Great Am. Ins. Co. v. Golla*, 493 N.W.2d 602, 605 (Minn. Ct. App. 1992); *Anderson v. State Farm Mut. Auto. Ins. Co.*, 314 S.C. 140, 442 S.E.2d 179, 181 (1994). The tractor was off of the highway where vehicular traffic had no right to be, at least while still moving. *Cf.* RCW 46.61.428 (when traveling on shoulder permissible). Whether it is what the parties contracted for will be resolved on remand when the trial court determines what the parties intended by use of the ambiguous term "motor vehicle".

■■ The parties dispute whether Grange would have offered liability coverage on the tractor. If coverage was available and declined, then Mr. Clayton contractually waived UIM coverage, assuming the trial court resolves the question of ambiguity in Grange's favor. But if liability coverage was not offered, the fundamental purpose of RCW 48.22.030(2) fails. *Anderson v. American Economy Ins. Co.*, 43 Wn. App. 852, 858-59, 719 P.2d 1345 (1986) (purpose of tying UIM coverage to liability coverage is to allow an insurer to collect a premium for the assumption of additional risks). As noted previously, the exclusionary clause tracks the statute virtu-

ally verbatim. It could hardly be argued that a legislative enactment is void as against public policy. *Riksem v. Seattle*, 47 Wn. App. 506, 511, 736 P.2d 275, *review denied*, 108 Wn.2d 1026 (1987). In like manner, it cannot be seriously urged that a contractual clause which tracks the statute is contrary to public policy on its face. *Brown v. United Pac. Ins. Co.*, 42 Wn. App. 503, 506, 711 P.2d 1105 (1986); *Abbott v. General Accident Group*, 39 Wn. App. 263, 265-68, 693 P.2d 130 (1984), *review denied*, 103 Wn.2d 1027 (1985). Where the clause suffers is not in its choice of semantics, but in failing to serve the purpose of RCW 48.22.030(2) if in fact liability coverage was not available. Even if a clause is unambiguous, and even if authorized by statute, courts will still look to whether the purpose of the UIM statute is served. *Kyrkos v. State Farm Mut. Auto. Ins. Co.*, 121 Wn.2d 669, 673-74, 852 P.2d 1078 (1993). On remand, the trial court should determine whether Grange offered liability coverage on the tractor.

Reversed.

THOMPSON, C.J., and MUNSON, J., concur.

Review denied at 125 Wn. 2d 1018 (1995).