[No. 19388-4-II.   Division Two.   September 6, 1996.]

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Respondent*, v. MARGO GATES, ET AL., *Appellants*.

472

*Gideon D. Caron* and *Morse & Bratt*, for appellants.

*William R. Hickman, Pamela A. Okano, Peter M. Ruffatto,* and *Reed McClure;* and *Norman C. Dick* and *Walstead, Mertsching, Husemoen, Donaldson & Barlow, P.S.,* for respondent.

ARMSTRONG, J. — In July 1993, 16-year-old Jessica Boyd was injured while a passenger on a three-wheeled all-terrain vehicle (ATV) driven by a friend. Because the friend was uninsured, Boyd sought benefits from State Farm under the underinsured motorist (UIM) provisions of her parents' (the Gates's) policy. The UIM section of that policy excludes from coverage motorcycles and motor driven cycles. In this case, we are asked to decide whether this exclusion extends to ATVs such as the one Boyd was riding. Holding that such an ATV is a motorcycle or motor driven cycle, we affirm the trial court's summary judgment in favor of State Farm.

The UIM section of State Farm's policy provides the following coverage: "We will pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *underinsured motor vehicle.*" But the UIM provisions contain the following exclusion:

THERE IS NO COVERAGE:

1. FOR *BODILY INJURY* TO AN *INSURED* OR *PROPERTY DAMAGE* WHILE AN *INSURED* IS OPERATING OR *OCCUPYING*:

    a.  A MOTORCYCLE OR A MOTOR DRIVEN CYCLE;

State Farm contends, and the trial court found, that this exclusion bars coverage for Boyd's injuries.

■ In reviewing a grant of summary judgment, we engage in the same inquiry as the trial court. *McGreevy v. Oregon Mutual Ins. Co.*, 74 Wn. App. 858, 863, 876 P.2d 463 (1994), *aff'd*, 128 Wn.2d 26 (1995). Summary judgment is appropriate only when no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. *McGreevy*, 74 Wn. App. at 863. We consider the evidence in the light most favorable to the nonmoving party. *McGreevy*, 74 Wn. App. at 863.

Nowhere does State Farm's policy define "motorcycle" or "motor driven cycle." The UIM section does not define "motor vehicle," other than to state that it is a "land motor vehicle." A separate section of the policy, covering First Party Benefits, defines "motor vehicle" as "a self-propelled vehicle with more than three wheels operated or designed to be operated upon public highways." But because this definition is not in the UIM section, it provides no guidance in determining whether the motorcycle exclusion encompasses ATVs.

■ Thus, we first consider the policy behind the UIM statute, as well as rules of construction. The UIM statute, which requires that insurance policies provide UIM coverage, embodies Washington's "strong policy . . . of protecting its citizenry from financially irresponsible motorists." *Clayton v. Grange Ins. Ass'n*, 74 Wn. App. 875, 877, 875 P.2d 1246 (1994), *review denied*, 125 Wn.2d 1018 (1995); RCW 48.22.030. To further this policy, courts construe the statute liberally. *Clayton*, 74 Wn. App. at 877; *Clements v. Travelers Indem. Co.*, 121 Wn.2d 243, 251-52, 850 P.2d

1298 (1993). In addition, "[e]xclusionary clauses are to be strictly construed against the insurer and are to be interpreted in accordance with the way they would be understood by the average person buying insurance." *McGreevy*, 74 Wn. App. at 864-65.

In light of these principles, we next consider Boyd's arguments that the motorcycle exclusion does not apply to ATVs. First, she argues that the policy language unlawfully restricts coverage by referring to "land motor vehicle," while the UIM statute refers only to "motor vehicle." This argument is without merit. A "motor vehicle" for purposes of the statute has already been determined to be a "land" vehicle (that is, aircraft are excluded). *See Sperry v. Maki*, 48 Wn. App. 599, 602, 740 P.2d 342, *review denied*, 109 Wn.2d 1014 (1987). At any rate, this deviation from the statutory language does not help Boyd; the question of coverage turns on the meaning of the language excluding motorcycles and motor driven cycles, not the meaning of "land motor vehicle."

Second, Boyd contends that the ordinary meaning of the terms "motorcycle" and "motor driven cycle" does not include an ATV. In the alternative, she argues that the policy language is ambiguous and must be construed against State Farm. A provision in an insurance policy is ambiguous "when it is fairly susceptible to two different interpretations, both of which are reasonable." *McDonald v. State Farm Fire and Cas. Co.*, 119 Wn.2d 724, 733, 837 P.2d 1000 (1992). We consider these related arguments together.

In seeking out the ordinary meaning of these terms, we look to other definitions, usage, and interpretations for guidance. RCW 46.04.330 defines "motorcycle" as "a motor vehicle designed to travel on not more than three wheels in contact with the ground, on which the driver rides astride the motor unit or power train and is designed to be steered with a handle bar." Similarly, WAC 352-32--010 defines motorcycle as "every motor vehicle having a saddle for the use of the rider and designed to travel on

not more than three wheels in contact with the ground." But statutory definitions are not controlling here because cases construing the UIM statute have rejected the rigid application of Title 46 definitions to insurance issues. Instead, the meaning to be used is "the common meaning of terms which the average person would apply." *Clayton*, 74 Wn. App. at 880 (citing *Sperry*, 48 Wn. App. at 602).

Webster's defines "motorcycle" as "a 2-wheeled tandem automotive vehicle having 1 or 2 riding saddles and sometimes having a 3d wheel for the support of a sidecar." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1476 (1966). RANDOM HOUSE contains a similar definition. In that dictionary, the accompanying picture shows that, like the ATV at issue here, a motorcycle has both a saddle and handle bars. THE RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 1255 (2nd ed. 1987). RANDOM HOUSE also defines "cycle" as "a bicycle, motorcycle, tricycle, etc." *Id.* at 497.

Turning to judicial interpretations, we find no Washington cases addressing whether an ATV is a motorcycle. And courts in other jurisdictions have not ruled on the language at issue here. But in other contexts, courts have determined or assumed that ATVs are motorcycles. *See State v. Benolken*, 838 P.2d 280 (Alaska Ct. App. 1992) (ATV is "motorcycle" for purposes of determining whether driver must have driver's license); *see also Progressive Cas. Ins. Co. v Jackson*, 573 N.Y.S.2d 556 (N.Y. Sup. Ct. 1991), *aff'd*, 585 N.Y.S.2d 716 (N.Y. App. Div. 1992) (ATV involved in accident was insured under owner's motorcycle policy).

Several common threads run through all of these definitions. First, a motorcycle has two or three wheels; second, a motorcycle has handle bars, not a steering wheel; third, a motorcycle has a saddle seat. The ATV on which Boyd was a passenger had all of these characteristics. We hold, therefore, that the language of State Farm's exclusion is not ambiguous and that the average insurance buyer would understand that ATVs are included within

the terms "motorcycle" or "motor driven cycle." Thus, Boyd is not covered under the UIM provisions of State Farm's policy. We affirm the trial court's summary judgment.

HOUGHTON, A.C.J., and BRIDGEWATER, J., concur.

Reconsideration denied October 15, 1996.

Review denied at 131 Wn.2d 1004 (1997).