Ellington, J.
American States Insurance Company excludes snowmobiles from underinsured motorist (UIM) coverage. We hold the exclusion does not violate public policy and is not ambiguous, and affirm.
FACTS
In March, 1999, David Bolin traveled to Newtok, a remote village in Alaska near the Bering Sea, to help villagers evaluate a government-proposed land exchange. The entire region was covered by snow and ice, and snowmobiles were the only means of ground transport between villages. Bolin hired a snowmobile and driver. On an *712 established snow road[1] along the shore of the Bering sea, the driver lost control and crashed. Bolin was injured.
The snowmobile driver had no liability insurance. Bolin made a claim for UIM benefits under his American States policy. American States denied the claim, citing an exclusion for vehicles or equipment operated on rails or crawler treads.
American States filed this declaratory judgment action. After a bench trial,[2] the court ruled that a snowmobile is not a motor vehicle for purposes of the UIM statute, and American States’ exclusion was therefore valid. This appeal followed.
DISCUSSION
Bolin’s American States policy provides coverage for damages Bolin is entitled to recover from the owner of an “underinsured motor vehicle,” which is defined to exclude vehicles “[o]perated on rails or crawler treads.”[3] The question is whether this exclusion denies coverage required by RCW 48.22.030(2), which provides:
No new policy or renewal of an existing policy insuring against loss resulting from liability imposed by law for bodily injury, death, or property damage, suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be issued with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of underinsured motor vehicles, hit-and-run motor vehicles, and phantom vehicles because of bodily injury, death, or property damage, resulting therefrom.
*713 The statute does not define “motor vehicle.” “Un-derinsured motor vehicle” is defined as:
[A] motor vehicle with respect to the ownership, maintenance, or use of which either no bodily injury or property damage liability bond or insurance policy applies at the time of an accident, or with respect to which the sum of the limits of liability under all bodily injury or property damage liability bonds and insurance policies applicable to a covered person after an accident is less than the applicable damages which the covered person is legally entitled to recover.[4]
A policy exclusion is void under the UIM statute if it is “directly contrary to specific language in the statute” or is contrary to the “declared public policies of the UIM statutory scheme.”[5] An exclusion of vehicles operated on crawler treads does not conflict with any express language of the statute, so the question is whether the exclusion is contrary to the legislative policy.
Bolin first looks to the various definitions in the motor vehicles title, Title 46 RCW, and the insurance title, Title 48 RCW. He points out that a snowmobile is not an “automobile” as defined by Title 48 RCW,[6] and argues that the legislature’s use of the term “motor vehicle” rather than “automobile” to define an underinsured vehicle indicates an intent to include snowmobiles for purposes of the UIM statute. Bolin further points out that under Title 46 RCW, snowmobiles Eire both “vehicles” and “motor vehicles.” A motor vehicle is “every vehicle that is self-propelled and every vehicle that is propelled by electric power obtained from overhead trolley wires, but not operated upon rails.”[7] A “vehicle” is “every device capable of being moved upon a public highway [but not devices] moved by human or *714 animal power or used exclusively upon stationary rails or tracks.”[8] Snowmobiles are self-propelled. They are also capable of being moved upon public highways and indeed are authorized by the legislature to do so in some circumstances.[9]
 But contrary arguments are also apparent. For example, the regulation of snowmobiles is quite different from the regulation of motor vehicles. Chapter 46.10 RCW is a separate chapter regulating snowmobile ownership, registration, licensing and operation. It defines “snowmobile” as:
[A]ny self-propelled vehicle capable of traveling over snow and ice, which utilizes as its means of propulsion an endless belt tread, or cleats, or any combination of these or other similar means of contact with the surface upon which it is operated, and which is steered wholly or in part by skis or sled type runners, and which is not otherwise registered as, or subject to the motor vehicle excise tax in the state of Washington.[10]
The reference in this definition to motor vehicle registration and excise tax suggests that snowmobiles fall outside the Title 46 RCW definition of motor vehicles. Registration and driver licensing requirements for Title 46 RCW motor vehicles also differ from those set out in chapter 46.10 RCW for snowmobiles.[11] The statutes appear, therefore, to carve a clear distinction between motor vehicles and snowmobiles.
 As the foregoing discussion demonstrates, borrowing from the motor vehicle chapters to interpret the insurance chapters brings little light and much confusion. It is therefore not surprising that cases construing the UIM statute have rejected this approach, holding that Title 46 *715 RCW definitions do not control in Title 48 RCW interpretation issues. Rather, where the statutory terms are subject to more than one interpretation and the question is the validity of an exclusion, we look to the ordinary meaning of the language of the exclusion, and to the public policy embodied in the statute.[12]
In Sperry v. Maki,[13] an airplane made an emergency landing on a public highway and collided with the insured. The court had to decide whether the airplane was a motor vehicle for purposes of the UIM statute and held it was not. The court observed that while “etymologically the term [motor vehicle] is broad enough to cover airplanes,” the ordinary understanding of the term is a reference to “a machine designed to move solely on the land.”[14]
American States’ policy expressly defined an underinsured vehicle as a land vehicle, so this reference to ordinary understanding does not answer our question here. Etymologically, of course, the term “motor vehicle” is broad enough to cover snowmobiles as well. But the Sperry court also looked to the legislature’s purpose of protecting insured drivers from financially irresponsible motorists, relying upon the Supreme Court’s statement in Finney v. Farmers Insurance Co.: “The purpose of the [UIM] statute is to allow an injured party to recover those damages which would have been received had the responsible party maintained liability insurance. .. . The statute was designed to *716 protect innocent victims of uninsured negligent motorists.”[15]
Only drivers of vehicles registered under RCW 46-.16.010(1) are required to purchase liability insurance.[16] Aircraft are not registered. Aircraft pilots not being among the drivers required to purchase liability insurance, they are outside the class of persons the statute is designed to protect against. The court therefore reasoned that airplanes were not among the vehicles for which UIM coverage was required.[17] Like aircraft pilots, snowmobile drivers are not required to carry liability insurance. By the same reasoning, then, snowmobiles may be excluded from UIM coverage.
The legislature is presumed to know the judicial interpretations of statutes.[18] While we see a strong argument for including snowmobiles in the definition of underinsured motor vehicles,[19] we are persuaded by the long shelf life of the analysis in Sperry that the legislature intends to require UIM coverage only for claims involving vehicles for which liability insurance is required. Snowmobiles are not in this category. Given their ubiquitous use and their presence, at least at times, on Washington highways, a change in this policy may be wise, but it must come from the legislature.
*717 As an alternative argument, Bolin contends the exclusion of vehicles operated on crawler treads is ambiguous, because it could refer either to vehicles propelled by belt-like tread devices, or merely to slow-moving vehicles. Ambiguity in insurance policies must be construed against the insurer.[20]
We find no ambiguity here. The phrase “operated on crawler treads” describes a means of propulsion; it is plainly not a reference to speed.[21] The snowmobile involved here had belt-like treads.
CONCLUSION
American States’ exclusion of crawler tread vehicles from UIM coverage does not violate the policy of the UIM statute and is not ambiguous. The trial court did not err in applying the exclusion here.
Affirmed.
Cox, C.J., and Coleman, J., concur.
Reconsideration denied September 10, 2004.
Review denied at 154 Wn.2d 1007 (2005).

 A snow road is a two-way passage used by snowmobiles in winter and all-terrain vehicles in summer.

 The parties stipulated to the facts and to application of Washington law.

 Clerk’s Papers at 185.

 ROW 48.22.030(1).

 Kyrkos v. State Farm Mut. Auto. Ins. Co., 121 Wn.2d 669, 673, 852 P.2d 1078 (1993) (citations omitted).

 See RCW 48.22.005(l)(b) (defining “automobile” as a passenger car registered or principally garaged in Washington, other than a vehicle operated on crawler treads).

 RCW 46.04.320.

 RCW 46.04.670.

 See RCW 46.10.090, .110.

 RCW 46.10.010(2).

 See ch. 46.16 RCW; 1981 Op. Att’y Gen. No. 002 (owing to fundamental conflict between snowmobile and motor vehicle registration statutes, chapter 46.10 RCW imposes the exclusive registration requirements for snowmobiles).

 See Sperry v Maki, 48 Wn. App. 599, 740 P.2d 342 (1987). See also Clayton v. Grange Ins. Ass’n, 74 Wn. App. 875, 875 P.2d 1246 (1994). In Clayton, a farmer was driving his tractor on the shoulder of the road when a car veered off the highway and struck the tractor from behind. The farmer made a claim under his UIM policy, which excluded coverage when operating a motor vehicle not insured under the policy. His tractor was not insured. The issue was whether the tractor was a “motor vehicle,” a term the policy did not define. Relying in part on Sperry, the Clayton court rejected the argument that Title 46 RCW definitions control Title 48 RCW issues, and held the language raised a question of fact, because the term “motor vehicle” was ambiguous and a jury must decide what the parties intended.

 48 Wn. App. 599, 740 P.2d 342 (1987).

 Id. at 602.

 Finney v. Farmers Ins. Co. of Wash. 92 Wn.2d 748, 751, 600 P.2d 1272 (1979) (citations omitted).

 RCW 46.30.020.

 Sperry, 48 Wn. App. at 603. The dissent in Sperry pointed out that this result subverts the purpose of the UIM statute: “As with a dirt bike or a snowmobile, the fact an airplane normally is not used on the highway should not control in determining whether an airplane is a motor vehicle.” Id. at 605 (Mclnturff, C.J., dissenting).

 Amalgamated Transit Union Leg. Council of Wash. State v. State, 145 Wn.2d 544, 554, 40 P.3d 656 (2002).

 Other cotuts have split on this question. See, e.g., Stepec v. Farmers Ins. Co., 301 Minn. 434, 222 N.W.2d 796, 798 (1974) (snowmobiles held not to be motor vehicles under UIM statute); Detroit Auto. Inter-Ins. Exch. v. Spafford, 76 Mich. App. 85,255 N.W.2d 780, 782 (1977) (upholding crawler tread exclusion as applied to snowmobile operated off-road); Rooney v. Detroit Auto. Inter-Insur. Exch., 94 Mich. App. 448, 288 N.W.2d 445, 447-48 (1979) (snowmobile operated on highway is a motor vehicle for purposes of UIM statute, rendering policy exclusion void).

 Clayton v. Grange Ins. Ass’n, 74 Wn. App. 875, 878, 875 P.2d 1246 (1994).

 See Frank v. Wis. Mut. Ins. Co., 198 Wis. 2d 689, 543 N.W.2d 535, 537-38 (1995) (in the context of an insurance policy, “crawler” describes type of tread excluding vehicle from coverage).