110 P.3d 806 (2005)
Adina LAKE, a single person, Appellant
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign insurer, Respondent.
No. 32052-5-II.
Court of Appeals of Washington, Division 2.
April 19, 2005.
Gailann Y. Stargardter, Barrett & Worden, P.S., Pamela A. Okano, Reed McClure, Seattle, WA, for Respondent.
Gary Williams, Attorney at Law, Port Angeles, WA, for Appellant.
MORGAN, J.
¶ 1 The question in this case is whether a four-wheel all terrain vehicle (ATV) is a "motor driven cycle." The trial court answered yes, and so do we. Thus, we affirm.
¶ 2 On August 10, 2001, Adina Lake was a passenger on an ATV that its owner, Shane Bergstrom, was driving on some sand dunes. She was thrown off and injured.
¶ 3 The ATV was a 1989 Yamaha Banshee. It had four wheels and was steered by using handlebars. It was ridden by straddling the engine on a long, narrow, saddle-type seat. It was powered by a two-stroke twin cylinder ATV engine which, according to Yamaha, "is a direct descendant of our legendary RZ350 sport bike."[1] Yamaha advised in the owner's manual that it was "designed for off-road use only";[2] that it was "illegal to operate ... on any public street, road or highway";[3] and *807 that it should "never" be used to carry passengers.[4] A picture follows.

¶ 4 The Banshee was not insured, but Lake had underinsured motorist coverage (UIM) through State Farm. Her policy obligated State Farm to "pay damages for bodily injury sustained by an insured that an insured is legally entitled to collect from the owner or driver of an underinsured motor vehicle,"[5] provided that "there is no coverage for bodily injury to an insured or property damage while an insured is operating or occupying... a motorcycle or a motor driven cycle."[6]
¶ 5 After filing a claim that State Farm denied, Lake sued for a judgment declaring that her injuries were covered. The trial court granted State Farm's motion for summary judgment, denied Lake's cross-motion for summary judgment, and entered final judgment for State Farm.
¶ 6 On appeal, the parties debate two questions. First, can a motor vehicle designed only for off-road use be a "motor vehicle" within the meaning of State Farm's policy? Second, is the ATV in issue here a "motor driven cycle" within the meaning of State Farm's policy? The second question is dispositive, so we need not address the first.
¶ 7 In State Farm Mutual Auto Insurance Co. v. Gates,[7] Jessica Boyd, age 16, was injured while a passenger on an ATV driven by a friend. She sought coverage under Gates' (her parents') State Farm policy. The Gates' policy was identical to Lake's insofar as pertinent here. After examining several definitions of the word "motorcycle," we summarized as follows:
Several common threads run through all of these definitions. First, a motorcycle has two or three wheels; second, a motorcycle has handlebars, not a steering wheel; third, a motorcycle has a saddle seat. The ATV on which Boyd was a passenger had all of these characteristics. We hold, therefore, that the language of State Farm's exclusion is not ambiguous and that the average insurance buyer would understand that ATVs are included within the terms "motorcycle" or "motor driven cycle." Thus, Boyd is not covered under the UIM provisions of State Farm's policy.[8]
*808 ¶ 8 Gates differs from this case in only one respect  the ATV there had three wheels, while the ATV here had four. Emphasizing this difference, Lake invites us to distinguish Gates and hold that the ATV in issue here, the Banshee, was neither a "motorcycle" nor a "motor driven cycle."
¶ 9 We decline for several reasons. First, Gates focused on the definition of motorcycle, not on the definition of "motor driven cycle." It held that a three-wheeled ATV is a motorcycle. It did not hold, for it had no need to address, that a four-wheeled ATV is not a motorcycle. Second, even if we assume that a "motorcycle" has two or three wheels, a "motor driven cycle" necessarily has more.[9] Third, although several standard dictionaries define a "motorcycle" as having two or three wheels,[10] they also define "cycle" and "quadricycle" so as to indicate that the Banshee in issue here is a "motor driven cycle."[11] Finally, we think that an average purchaser of insurance viewing the Banshee would readily believe, without doubt or ambiguity, that it is a "motor driven cycle."[12] Like the trial court, we conclude that the Banshee was a "motor driven cycle" that was excluded from State Farm's UIM coverage.
¶ 10 Lake not having prevailed, her claim for reasonable attorney fees is denied.
¶ 11 Affirmed.
We concur: BRIDGEWATER, J., and QUINN-BRINTNALL, C.J.
NOTES
[1] Clerk's Papers (CP) at 77.
[2] CP at 74, 82.
[3] CP at 73.
[4] CP at 82-83.
[5] CP at 44 (emphasis removed); see also CP at 24.
[6] CP at 48 (emphasis removed; capitalization removed); see also CP at 24.
[7] 83 Wash.App. 471, 921 P.2d 1096 (1996), review denied, 131 Wash.2d 1004, 932 P.2d 643 (1997).
[8] Gates, 83 Wash.App. at 476-77, 921 P.2d 1096 (emphasis added).
[9] See Kitsap County v. Allstate Ins. Co., 136 Wash.2d 567, 575, 964 P.2d 1173 (1998) (court should "give effect to every clause in the policy"); Boeing Co. v. Aetna Cas. & Sur. Co., 113 Wash.2d 869, 876, 784 P.2d 507 (1990) ("entire contract must be construed together so as to give force and effect to each clause"); Newsom v. Miller, 42 Wash.2d 727, 731, 258 P.2d 812 (1953) (contract should not be read in a way that "renders some of the language meaningless or ineffective"); Seattle First Nat'l Bank v. Westlake Park Assocs., 42 Wash.App. 269, 274, 711 P.2d 361 (1985), review denied, 105 Wash.2d 1015 (1986).
[10] E.g., CAMBRIDGE ADVANCED LEARNER'S DICTIONARY (2003) ("motorcycle" is "a vehicle with two wheels and an engine"), available at http://www.dictionary.cambridge.org/define.asp?key= 52107 & dict=CALD; RANDOM HOUSE UNABRIDGED DICTIONARY (1997) ("motorcycle" is "a motor vehicle similar to a bicycle"), at http://www.infoplease.com/ipd/A0544615.html; Yourdictionary.com ("motorcycle" is "a two-wheeled motor vehicle resembling a heavy bicycle, sometimes having ... a sidecar with a third wheel") at, http://www.yourdictionary.com/ahd/m/ m0443200.html.
[11] E.g., RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE at 497 (2nd ed.1987) ("cycle" includes "a bicycle, motorcycle, tricycle, etc.") (quoted in Gates, 83 Wash.App. at 476, 921 P.2d 1096) (emphasis added); WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY at 1857 (1969) ("quadricycle" includes "a motor vehicle with a live two-wheeled axle, a bicycle seat for the driver, and a two-wheeled forecarriage steered by handlebars"). Cf. CAMBRIDGE ADVANCED LEARNER'S DICTIONARY (2003) ("quad bike" is "a motor vehicle similar to a motorcycle with four wheels"), available at http://www. dictionary.cambridge.org/define.asp?key=102176 & dict=CALD.
[12] See Gates, 83 Wash.App. at 476-77, 921 P.2d 1096 ("average insurance buyer would understand that ATVs are included within the terms `motorcycle' or `motor driven cycle'"). See also, Daley v. Allstate Ins. Co., 135 Wash.2d 777, 784, 958 P.2d 990 (1998) ("[c]ourts interpret insurance contracts as an average insurance purchaser would understand them" giving "undefined terms ... their `plain, ordinary, and popular' meaning") (quoting Kish v. Ins. Co. of N. Am., 125 Wash.2d 164, 170, 883 P.2d 308 (1994)); Morgan v. Prudential Ins. Co. of Am., 86 Wash.2d 432, 434, 545 P.2d 1193 (1976).